IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE RUHLIN COMPANY, | ) | CASE NO.  5:06CV2190 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge John R. Adams |
| | ) | |
| AMERICAN BRIDGE MANUFACTURING, | ) | |
| | ) | |
| Defendant. | ) | TEMPORARY RESTRAINING ORDER |

On September 12, 2006, Defendant American Bridge Manufacturing removed this action to this Court from the Court of Common Pleas for Summit County, Ohio.  On September 13, 2006, pursuant to Fed. R. Civ. P. 65, this cause came for hearing upon Plaintiff The Ruhlin Company's Motion for a Temporary Restraining Order (which was filed in state court on September 11, 2006, prior to removal).

Upon motion, memoranda in support and opposition thereto, verified complaint, affidavits of Vincent Parcher and Brian Furman, testimony and oral argument, and other evidence submitted to the Court, the Court finds as follows:

1. The parties executed a contract by which the Defendant would provide specialty steel to the Plaintiff for use in the construction of a bridge managed by the Ohio Turnpike Authority.  At issue in this motion is the delivery of the final portion of the steel, referred to by

the parties as the Phase Two Steel.

2. The Phase Two Steel is manufactured completely, and the Defendant stands ready to deliver said steel.

3. Pursuant to the contract, the contract price owed by the Plaintiff on the remaining Phase Two Steel is $744,246.12, which is due and owing net thirty (30) days upon delivery.

4. At this stage of the proceedings, the Plaintiff has demonstrated a likelihood of success on the merits of its claim for specific performance of the delivery of the Phase Two Steel, but it has not demonstrated a likelihood of success on the merits of its claim that it may unilaterally deduct from the contract price back charges, liquidated damages, and other alleged setoffs.

5. The issuance of a Temporary Restraining Order will prevent irreparable harm to the Plaintiff for which there is no adequate remedy at law if the steel is not delivered. The irreparable harm includes damage to the Plaintiff's business good will and reputation if it is unable to timely complete the bridge construction.

6. Conversely, the Defendant will not be harmed by the issuance of this Temporary Restraining Order because the Phase Two Steel is immediately deliverable.

7. The public interest is served by issuance of a Temporary Restraining Order because it will further prompt completion of the bridge construction.

Based on the foregoing, the Plaintiff's motion is granted in part, and it is hereby Ordered:

1. The Defendant shall forthwith deliver the Phase Two Steel to the Plaintiff pursuant to the contract.

2. The Plaintiff shall pay the Defendant the remaining contract price of $744,246.12 under terms of net thirty (30) days pursuant to the contract. Such payment shall be made without prejudice to the Plaintiff's claims for back charges, liquidated damages, and other damages to be determined at trial, to which the Plaintiff claims it is entitled by virtue of the Defendant's alleged breaches of their contract.

In view of the anticipated delivery of the Phase Two Steel, payment by the Plaintiff, and other bonds posted in connection with the bridge construction, no bond is required pursuant to Fed. R. Civ. P. 65(c). Similarly, in view of the anticipated delivery of the Phase Two Steel and payment by the Plaintiff, this Temporary Restraining Order will expire by its own terms, and further proceedings on an additional preliminary injunction are not necessary.

IT IS SO ORDERED.


Issued: September 13, 2006         *s/ John R. Adams*
                                  UNITED STATES DISTRICT JUDGE